## Dawson Estate

*Rowley & Smith,* for petitioners.
*Buchanan, Wallover & Barrickman,* contra.

SOHN, J., March 4, 1949.—Objections to the first and final account of J. Elder Bryan, executor of the last will and testament of John William Dawson, were filed by Shirley Dawson Schaudies, a daughter of decedent. An auditor was appointed. Counsel for the executor moved to dismiss the objections on the ground that Shirley Dawson Schaudies was not an interested party.

At a hearing before the auditor, a claim for maintenance and support of Shirley Dawson Schaudies was presented by Andrew Mularcik and Elizabeth Mularcik, his wife. We have before us a petition praying that Andrew Mularcik and Elizabeth Mularcik be substituted as parties to the objection filed by Shirley Dawson Schaudies. In the petition, it is alleged that Andrew Mularcik and Elizabeth Mularcik are creditors of the estate, and have an interest in having the objections passed upon by the auditor and by the court.

We are of the opinion that it is within the discretion of the court, whether or not the motion shall be allowed.

In Clunen's Estate, 34 D. & C. 490, Judge Van Dusen held:

"While this is a court of limited jurisdiction, it has general equity powers within that jurisdiction: Ake and Feay's Appeal, 74 Pa. 116. But we are not con-

fined to equity powers and modes of procedure. We have the right to do whatever is needful to carry out the duties which are within our jurisdiction. We may look to equity methods such as the bill of discovery and the bill to perpetuate testimony as analogies, but if it is necessary that something be done, we are not required to find precedents in the equity field for our action, and, therefore, it is not necessary to decide, for example, whether a bill of discovery lies before a suit is brought or whether it may be used to disclose matters which are not relevant to a proposed issue, but which are necessary to inform a litigant."

And the Supreme Court held in Slagle's Estate, 335 Pa. 552:

"The orphans' court has full jurisdiction and control over property belonging to a decedent's estate and in his possession at the time of his death. The Act of June 7, 1917, P. L. 363, section 9(e) provides that the jurisdiction of the orphans' court shall extend to and embrace 'the distribution of the assets and surplusage of the estates of decedents among creditors and others interested', and sub-section (n) provides that such jurisdiction shall include 'the exercise of all other powers needful to the doing of anything which is or may be hereafter required or permitted to be done in said court, whether incidental to the powers hereinbefore enumerated or in addition thereto.' The orphans' court has exclusive jurisdiction of the settlement and distribution of decedents' estates: Appeal of the Odd Fellows Savings Bank, 123 Pa. 356, 360; Tyson v. Rittenhouse, 186 Pa. 137, 143; Link's Estate (No. 1), 319 Pa. 513, 516. Within the orbit of its jurisdiction it has all the powers of a court of chancery: Appeal of the Odd Fellows Savings Bank, supra. Its power to distribute necessarily includes the power to determine all questions essential to a proper distribution: Link's Estate (No. 1), supra."

The Act of May 4, 1852, P. L. 574, sec. 2, 12 PS §533, is as follows:

"All actions pending, or hereafter to be brought in the several courts of this commonwealth, and in all cases of judgments entered by confession, the said courts shall have power, in any stage of the proceedings, to permit amendments by changing or adding the name or names of any party, plaintiff, or defendant, whenever it shall appear to them that a mistake or omission has been made in the name or names of any such party."

This act includes the several courts of the Commonwealth, and therefore applies to actions pending in the orphans' court. The act was suspended as to practice and procedure in actions governed by the Rules of Civil Procedure. It is still in full force and effect as to other actions.

The right to file exceptions is only recognized inferentially by the statute. Exceptions should be filed within the time limited by the rules of court or on special allowance by the court for cause shown, when they may be allowed nunc pro tunc: 1 Remick Pennsylvania Orphans' Court Practice, sec. 144. Rule 10 of section 6 of the Orphans' Court Rules adopted by the Supreme Court is:

'Objections to an account or statement of proposed distribution shall be made or filed at such place and time, shall be in such form, and such notice thereof shall be given as local rules shall prescribe."

Local rules of the Orphans' Court of Beaver County prescribing the manner of filing objections are:

"1. Objections shall be filed in the office of the Clerk of the Orphans' Court.

"2. Objections shall be filed within ten (10) days after the presentation of the account or statement of proposed distribution to the Court and confirmation nisi.

"3. The form and notice of objections shall conform to the rules for exceptions (Section 7 of these rules). ·

"4. The Clerk shall place said objections forthwith on the next audit list, at which time the objections will be heard and disposed of by the Court."

The Fiduciaries Act of June 7, 1917, P. L. 447, sec. 49 (*d*) is as follows:

"No creditor of a decedent who shall neglect or refuse to present his claim at the audit of the account of the executor or administrator, held not less than six months after the grant of letters testamentary or of administration, of which public notice has been given as provided in section ten of this act, or at an audit held after actual notice to such creditor of the filing of such account, as provided in section forty-six, clause (c) of this act, shall be entitled to receive any share of the assets distributed in pursuance of such audit, whether the estate of the decedent be solvent or insolvent." ·

The provisions of this section of the Fiduciaries Act, at least by inference, recognize the right of claimants to present their claim. It is the duty of the orphans' court to supervise the distribution of estates so that distribution will be made to and among those legally entitled thereto. The claim is based on the same factual situation. The names of the parties is the only change effected by the proposed substitution.

In the exercise of the equitable powers of the orphans' court and the discretion vested in a judge of the orphans' court, we conclude that the substitution of parties should be allowed.

## Order

And now, to wit, March 4, 1949, the foregoing motion having been presented and considered, motion is granted. Andrew Mularcik and Elizabeth Mularcik,

his wife, claimants against the estate of John William Dawson are substituted as objectors in the place and stead of Shirley Dawson Schaudies, in the objections to the account filed by her on June 10, 1948. This matter is referred back to Lee Whitmire, Esq., auditor, with authority in him to pass upon the claim of Andrew Mularcik and Elizabeth Mularcik.